## Griffin v. Commonwealth.

(Decided September 30, 1927.)

### Appeal from Rockcastle Circuit Court.

1. **Larceny.**—In a prosecution for the felony of stealing timber of the value of $20.00 or more growing on the land of others, brought under Ky. Stats., sec. 1201, evidence held sufficient to sustain implied finding that title to land from which timber was alleged to have been stolen was not in defendant, but in other designated persons.

2. **Criminal Law.**—In a prosecution for stealing timber of the value of $20.00 or more growing on land of others, brought under Ky. Stats., sec. 1201, defendant waived error, if any, in commonwealth proving title to land from which timber was stolen by testimony of actual owners to ultimate fact of their title rather than by tracing the title back to the commonwealth, where he failed to object to the method pursued.

3. **Larceny.**—In a prosecution for stealing growing timber of the value of $20.00 or more from the land of others, brought under Ky. Stats., sec. 1201, evidence held sufficient to sustain implied finding that the timber cut and removed was of the value of $20.00 or more.

4 **Larceny.**—In a prosecution for stealing timber of the value of $20.00 or more growing on the land of others, brought under Ky. Stats., sec. 1201, evidence held sufficient to sustain implied finding that defendant knew that the land from which he was taking the timber belonged to others.

5. **Larceny.**—In a prosecution for stealing timber of the value of $20.00 or more growing on the land of others, brought under Ky. Stats., sec. 1201, failure to instruct on the misdemeanor of stealing growing timber of the value of less than $20.00, under section 1244, held not error, where all of evidence was to effect that timber was of value of more than $20.00.

6. **Larceny.**—In a prosecution for stealing timber of the value of $20.00 or more growing on the land of others, brought under Ky. Stats., sec. 1201, evidence held sufficient to sustain implied finding that defendant both cut timber and carried it away.

J. A. OWENS and C. C. WILLIAMS for appellant.

FRANK E. DAUGHERTY, Attorney General, and G. D. LITSEY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

Section 1201 of our present Statutes is in these words:

"Any person who shall feloniously cut or saw down and carry away timber growing upon the lands

of another, of the value of twenty dollars or more, and without color of title in himself to the land upon which said timber was growing, or to said timber. shall be confined in the penitentiary for a period of one year." If the timber removed is of less value than $20, then the trespasser is guilty of a misdemeanor, which is denounced by section 1244 of the same statute.

Appellant, George W. Griffin, was convicted in the Rockcastle circuit court under the first section above, the indictment charging that the timber he cut was of the value of $20 or more, and he was punished as directed by the statute by confinement in the penitentiary for 1 year. His motion for a new trial was overruled, and from the judgment pronounced on the verdict he prosecutes this appeal, and in brief of his counsel it is urged, as grounds for reversal, (1) the insufficiency of the evidence produced by the Commonwealth to sustain the conviction; and (2) erroneous instructions given by the court. As argued in brief, ground (1) is subdivided into three parts: (a) Insufficiency of the evidence to prove title to the land from which the timber was cut and removed; (b) the same insufficiency to prove the value of the timber that was cut and removed; and (c) like insufficiency of the evidence to prove that defendant knew that the timber he cut and removed, if any, was located beyond his land and on that of his neighbors, since, as claimed, he was unacquainted with the true line.

The indictment averred that the timber cut and removed was taken from "the land of the Phillips heirs." Without objection, some of those heirs who were introduced by the commonwealth testified that they and their coheirs, naming them, owned the tract of land, which they inherited from their deceased father, and that the latter lived upon it at the time of his death and obtained title to it from his father, who was the grandfather of the witnesses. As stated, there was no objection to that testimony, and we think for the purposes of the indictment it was sufficient to establish title and dispensed with the necessity of proving title back to the commonwealth. However, the same testimony was sufficient to show that the Phillips heirs and their ancestors were in possession of the land for more than the statutory period to ripen title to real estate.

Whatever may be the correct method of proving title in prosecutions like this, defendant waived the error, if any, by permitting the alleged actual owners to testify to the ultimate fact, and by not objecting and requiring the proper method to be followed. Moreover, defendant, while on the stand, testified himself that the farm of the Phillips heirs, consisting of about 240 acres, adjoined that of him and his brother, James Griffin, and that timber was cut over the line of his and his brother's tract and on that of the Phillips heirs. So that, in the light of such conditions existing in the record, we find no ground to sustain the contention made in subdivision (a).

Disposing of subdivision (b), it is sufficient to say that one witness for the prosecution testified that he hauled from the land trespassed upon, at the instance and request of defendant, 26 railroad cross-ties. Another witness testified that he hauled ties made from the timber to Mt. Vernon, where they were disposed of by defendant. It was also proved, and uncontradicted, that 70 trees were cut from the Phillips land varying in diameter from 12 to 30 inches, and that those trees were worth from $500 to $600, and no down timber was left on the land. We therefore conclude that the evidence clearly sustained the allegation in the indictment as to the value of the timber both cut and removed by defendant.

Subdivision (c) is equally unsustained by the record. It is shown that some 5 or 6 years prior to the trespasses with which defendant was charged, he and his brother sold timber off their adjoining land to another, and at that time the line was located and defendant knew of it, or at any rate there were circumstances raising a strong presumption that he knew of it. The timber involved in this prosecution was cut beyond the line where it was removed on the prior occasion, and for a distance of as much as 200 yards. It is, therefore, unreasonable to believe that defendant did not know that he was off his and his brother's tract of land and on that of the adjoining tract at the time he procured the timber here involved to be cut and carried away. In addition, it was testified by at least one of the Phillips heirs that shortly after defendant commenced to cut the timber involved she appeared upon the scene and objected and then informed him of where the line was, but that, notwithstanding such information, he continued to and did cut much more timber than he had theretofore done and fur-

ther over on the land of the Phillips heirs. It is, therefore, apparent that there was sufficient evidence to prove defendant's knowledge with reference to the location of the timber that he cut and removed, and the contention in subdivision (c) must likewise be overruled.

Ground (2) is chiefly based upon the fact that the court erred in concluding that there was sufficient evidence to submit any of the questions involved in subdivisions (a), (b), and (c) above, and also that it was the duty of the court to give an instruction under section 1244, supra, which is only a misdemeanor. This court in an unbroken line of decisions has announced the correct rule to be that it was not the duty of the court to instruct on any issue for which there was no evidence to sustain, the latest case being that of Bell v. Commonwealth, — Ky. —, 297 S. W. —, and this day decided. As we have shown above, all the evidence on the question of value was to the effect that the removed timber was of the value of more than $20. Not even was it contended by defendant that it was of less value. It is true that the statute requires not only that the timber shall be cut by the defendant, or by his procurement, but also that it or some of it (sufficient in value to create the felony) should be carried away by him, and the evidence that we have recited above is sufficient to establish both the cutting and the carrying away so as to create the offense of which defendant was convicted.

Finding no error authorizing a reversal, the judgment is affirmed.